UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY TOROK, | * |
| Petitioner, | * |
| v. | *   Civil Action No. PX-21-1864 |
| WARDEN H. ALLEN BEARD JR., | * |
| Respondent. | * |
| | *** |

## MEMORANDUM OPINION

Timothy Torok, an inmate at the Federal Correctional Institution in Cumberland, Maryland, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, contending that Federal Bureau of Prisons ("BOP") has improperly denied him good time credit in violation of the First Step Act of 2018 ("the Act").  ECF No. 1.  Torok has separately moved for injunctive relief related to BOP's manner of assessing credit.  ECF No. 11.  Having reviewed the pleadings, and finding no hearing necessary, *see* Md. Loc. R. 105.6, the Court DENIES the Petition and the Motion for Injunctive Relief.

### I.  Analysis

On December 19, 2019, the United States District Court for the Northern District of Ohio sentenced Torok to 92 months in prison and five years of supervised release for violating federal drug laws.  *See* Public Information Inmate Data, ECF No. 7-1 at 6.  Torok's current projected release date is December 8, 2025.  ECF No. 10 at 5.

Torok contends that the credit calculation is wrong because BOP has misapplied the Act's provisions related to increased good time credit.  Torok is correct that the First Step Act of 2018, P.L. 115-391, § 102(b)(1), 132 Stat 5194, 5210 (Dec. 21, 2018), amended 18 U.S.C. § 3621, changed the calculation for inmate good time credits.  *See* P.L. 115-391, § 102(b)(1).  The Act,

among other things, now allows the BOP to award inmates a maximum of 54 days of good time credits per year of the imposed sentence rather than 54 days of credit per year of the sentence served.  *See Pizarro v. White*, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019).  This has the effect of increasing the maximum allowable good time credits from 47 days to 57 days per year.  *See Bowling v. Hudgins*, No. 5:19CV285, 2020 WL 1918248, at *3 (N.D.W. Va. Mar. 16, 2020), *report and recommendation adopted*, No. 5:19-CV-285, 2020 WL 1917490 (N.D.W. Va. Apr. 20, 2020).

The Act further provides other ways for an inmate to earn additional time credit for participating in certain programming.  *See Llufrio v. Johns*, Civil Action No. 5:19-cv-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h).  The BOP now implements the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"), to identify each inmate's needs and risk profile related to possible recidivism.  An inmate can then participate need-specific programming to earn credit toward early placement in pre-release custody.  *See* The First Step Act of 2018: Risk and Needs Assessment, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited July 7, 2022).  However, an inmate cannot begin to earn such credit until he serves a certain portion of his sentence and attains either a low or minimum risk level on PATTERN.  *See id.* at 4.

Respondent contends -- and Torok does not dispute -- that his PATTERN score is "high", and thus he is ineligible to earn additional credit.  ECF No. 7.  Torok, for his part, simply maintains that his PATTERN has not yet been reassessed.  ECF No. 8 at 7.  But Respondent has demonstrated that all BOP inmates receive such reviews every 180 days, and that based on Torok's program review, his PATTERN score remains too high to earn additional credit at this juncture.  ECF Nos.

10-1, 10-2.

On this record, Torok has not demonstrated that his good time calculation is erroneous. Accordingly, the Petition is denied and dismissed. Likewise, because Torok has not demonstrated that his challenge to his PATTERN scoring or his good time calculation will succeed on the merits, his Motion for Injunctive Relief must be denied. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) (holding movant must satisfy four factors, to include likelihood of success on merits of claim, before injunctive relief may be granted).[1]

## II.     Certificate of Appealability

When this Court dismisses a habeas Petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Torok fails to meet this standard and a certificate of appealability shall not issue. Torok is free to seek such a certificate from the Fourth Circuit.

## III.    Conclusion

For the above stated reasons, the Petition is denied and dismissed. A certificate of appealability shall not issue. A separate Order follows.

| | |
|---|---|
| 7/12/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[1] Torok has filed a separate § 2241 Petition "challenging the BOP's use of the 'PATTERN' scoring system" as violative of the First Step Act. *Torok v. Beard*, Civil Action No. GLR-22-206. This decision does not reach the claims raised in that action.